[Docket No. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VERONE JENKINS, JR., : | |
| : | |
| Plaintiff, : | Civil No. 10-2804 (RMB/JS) |
| : | |
| v. : | |
| : | **MEMORANDUM AND ORDER** |
| THE STATE OF NEW JERSEY, : | |
| : | |
| Defendant. : | |

A. <u>In Forma Pauperis</u>

This Court has reviewed the application for leave to proceed in forma pauperis and finds that the Plaintiff, Mr. Verone Jenkins, Jr., (the "Plaintiff"), is unable to afford the filing fee.  Accordingly, his application is granted pursuant to 28 U.S.C. § 1915(a), and the Clerk of the Court will be directed to file the Complaint.

B. <u>Review of Complaint</u>

The underlying Complaint alleges, in general, that the defendants, the State of New Jersey, the Burlington County Prosecutor's Office, and the Honorable Robert D. Bernardi, Prosecutor for Burlington County (the "Defendants"), denied Plaintiff a fair trial and legal representation in connection with the prosecution of two traffic summonses, one for driving an

unregistered vehicle, and one for speeding. In his Complaint and an accompanying document, Plaintiff asks this Court to provide him with a fair hearing and legal representation which he was denied at all levels of the state proceedings. See Docket Nos. 1 and 1-2.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is directed to preliminarily review the Complaint and to dismiss the case if the Court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2).

A review of the Complaint reveals that this Court has no subject-matter jurisdiction over this action. Plaintiff and Defendants are all citizens of New Jersey.[1] Therefore, there is not complete diversity of citizenship among the parties. See Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., 316 F.3d 408, 410 (3d Cir. 2003). Thus, the Court's jurisdiction cannot be grounded in § 1332. Id. Furthermore, the Complaint alleges neither a federal cause of action, nor a substantial question of federal law. See D'Anna v. Novartis Pharm. Corp., No. 08-1119, 2009 WL 1662174, *1-2 (D.N.J. June 15, 2009). Thus, the Court's jurisdiction cannot be grounded in § 1331. Id. Importantly, "for both removal and

---

[1] Plaintiff lists his legal residence as Columbus, New Jersey [Docket No. 1-1, at 24.]

original jurisdiction, the federal question must appear on the face of the Complaint unaided by the answer, counterclaim or petition for removal.  If it does not appear there, 'no statement in the petition for removal [or other submission]. . . can supply that want . . . .'"  McDonough v. Blue Cross of Northeastern Penn., 131 F.R.D. 467,469-70 (W.D.Pa. 1990) (quoting Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464 (1894)) (other citations omitted).

Moreover, this Court lacks jurisdiction to review judgments of state courts under the Rooker-Feldman doctrine.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (the "Rooker-Feldman doctrine"). The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998)(citations omitted). "A federal claim is inextricably intertwined with a prior state adjudication if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it . . . .'"  Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)).  The Rooker-Feldman doctrine applies if, in order to grant the plaintiff the relief sought,

the federal district court must determine that the state court's decision is wrong or such relief would void the state court's ruling. See Gulla, 146 F.3d at 171; FOCUS, 75 F.3d at 840.  Here, Plaintiff alleges facts that directly challenge the state court's rulings i.e., he was denied a fair trial and legal representation before the municipal court judge.  A finding by this Court in Plaintiff's favor would necessarily invalidate the state court's decision.

Finally, because the Complaint asks this Court to "move" the state proceeding(s) to this Court, the Court notes that Plaintiff's Complaint might well be construed as a notice of removal pursuant to 28 U.S.C. § 1441.[2]  Because diversity of citizenship and federal question jurisdiction are lacking, the only possible basis for this Court's jurisdiction is 28 U.S.C. § 1443.  This section provides that an action may be removed if it is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443.  The Third Circuit has said,

> We have held that the civil rights removal statute is a
> narrow exception to the rule that state court actions may

---

[2]  It not clear from the Plaintiff's Complaint whether Plaintiff is seeking to "move" one or two prosecutions, although both summons originate from the Municipal Court of the Township of Mansfield.

4

> be removed to federal district court only if federal jurisdiction is evident on the face of plaintiff's well-pleaded complaint. The Supreme Court has articulated the precise circumstances required to sustain removal under § 1443(1), clarifying that removal requires satisfaction of a two-prong test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "denied or cannot enforce that right in the courts" of the state. . . . [A] conclusory allegation is insufficient to support removal under § 1443.

TCIF REO CIT, LLC v. Gray, 346 F. App'x 763, 765-66 (3d Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)).

To satisfy the first prong, Plaintiff must establish that the state prosecution violates a "specific [federal] civil rights [law] stated in terms of racial equality," such as the Civil Rights Act of 1964. Davis, 107 F.3d at 1047 (citation omitted). Plaintiff has made no such showing and the Court is unaware of any federal civil rights law protecting racial equality that is offended by this state prosecution.

To satisfy the second prong, the denial of rights must be "so manifest in a formal expression of state law that it could be taken as suitable indication that all courts in that State would disregard the federal right of equality with which the state enactment was precisely in conflict." Davis, 107 F.3d at 1048 (citation omitted). Plaintiff points to no such "formal expression of state law" and the Court is not aware of any in the State of New Jersey relevant to this case.

Thus, section 1443 establishes an extraordinarily narrow

avenue for removing state criminal actions to federal court. The Supreme Court has explained,

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

City of Greenwood v. Peacock, 384 U.S. 808, 827-28 (1966). This case does not present one such "rare situation[]." Thus, § 1443 fails to establish federal jurisdiction.

Therefore, for the reasons stated herein,

IT IS HEREBY **ORDERED** that the above-captioned case is **DISMISSED** for lack of subject-matter jurisdiction.

```
                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              United States District Judge
```

Dated: August 13, 2010